**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ALISON MARTIN,

      Petitioner,                       Case No. 14-10642

v.

MILLICENT WARREN,

      Respondent.

_____/

**OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS**
**CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR**
**LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Petitioner Alison Martin, presently incarcerated at the Women's Huron Valley

Correctional Facility in Ypsilanti, Michigan, seeks the issuance of a writ of habeas

corpus pursuant to 28 U.S.C. § 2254. In her application, Petitioner challenges her

conviction of first-degree murder,[1] conspiracy to commit murder, kidnapping, and

torture. (Dkt. # 1.) Petitioner is currently serving life imprisonment for the first-degree

murder and conspiracy convictions, 180 months to 30 years for the kidnapping

conviction, and 225 months to 50 years for the torture conviction. For the reasons that

follow, the court will deny the petition and decline to issue a certificate of appealability.

**I. BACKGROUND**

Petitioner was convicted of the above offenses following a jury trial in the Allegan

County Circuit Court. The court here recites verbatim the relevant facts relied upon by

the Michigan Court of Appeals. These facts are presumed correct on habeas review

---

[1] On alternate theories of premeditated murder and felony murder.

pursuant to 28 U.S.C. § 2254(e)(1). See *Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir.

2009):

> This case involves the murder of Brandon Silverlight, which happened around 12:00 a.m. on November 14, 2009. Defendant and Silverlight exchanged text messages before Silverlight's murder; they arranged to meet at a South Haven restaurant and arranged for Silverlight to follow defendant back to her parents' trailer, where they would engage in a sexual liaison with a third person. When defendant and Silverlight arrived at the trailer on November 13, 2009, codefendant Justin Terpstra ambushed Silverlight. Then, according to statements that defendant made to Shawn West, a friend, and to April Golombieski, a fellow inmate at the Allegan County Jail, defendant and Terpstra proceeded to torture Silverlight. They hit him on the head with a post, stabbed him multiple times, and set his body on fire. At trial, defendant claimed that there was no plan to kill, or to even hurt, Silverlight and that Terpstra acted alone and on his own accord in murdering Silverlight.

*People v. Martin*, No. 302071, 2012 WL 1758723, at *1 (Mich. Ct. App. May 17, 2012).

Petitioner's conviction was affirmed on appeal. *Id.*, *leave to appeal denied at* 493 Mich. 892,

822 N.W.2d 552 (Mich. 2012).

## II.  STANDARD OF REVIEW

Under 28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective

Death Penalty Act of 1996 ("AEDPA"), the court shall not grant a writ of habeas corpus

with respect to "any claim that was adjudicated on the merits in State court proceedings"

unless the proceeding resulted in a decision that (1) "was contrary to, or involved an

unreasonable application of" clearly established federal law or (2) "was based on an

unreasonable determination of the facts in light of the evidence presented in the State

court proceeding." A decision of a state court is "contrary to" clearly established federal

law if the state court arrives at a conclusion opposite to that reached by the Supreme

Court on a question of law or if the state court decides a case differently than the

Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529

2

U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

The Supreme Court has explained that "a federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 130 S. Ct. 1855, 1862 (2010) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n.7 (1997)). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003)). Furthermore, pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.*

## III.  DISCUSSION

3

Petitioner seeks a writ of habeas corpus on two grounds. First, that the trial court violated her right to present a defense and to due process by excluding expert witness testimony. Second, that the trial court violated the Sixth Amendment Confrontation Clause by admitting over objection investigatory statements made to the police by an unavailable witness and the state court of appeals erred in its determination that the testimonial hearsay did not affect the outcome of the trial. (Dkt. # 1.) The court will address each argument in turn.

## A. Expert witness testimony

In her first claim, Petitioner claims that the trial court deprived her of the right to present a defense by excluding the proposed expert testimony of Dr. Ravinder Mediratta regarding post-traumatic stress disorder. Petitioner claimed that Dr. Mediratta's testimony would be similar to expert testimony regarding battered-woman syndrome.

The Michigan Court of Appeals rejected the claim, stating:

Here, defendant claims that the proffered expert testimony was relevant to establish that her "emotional pain and trauma [were] genuine and substantial" [2] and to explain her response to Silverlight's death. She argues that the expert testimony would explain why she did not leave Terpstra, why she did not seek help, and why she did not report Silverlight's murder. At trial, defendant explained why she did not call the police after Terpstra drove away in Silverlight's car with Silverlight in the trunk and why she did not report the murder to two detectives when they interviewed her. Defendant testified that she was scared, she wanted to protect herself and Terpstra, and she did not want Terpstra, who was her fiancé and who had simply accepted her for who she was, to go back to prison. Defendant does not explain how her conduct was, in any way, a response to the alleged abuse she suffered by Silverlight. Moreover, she does not articulate how her conduct was incomprehensible to

[2] It appears, from her argument as a whole, that defendant is referring to the pain and trauma caused by her relationship with Silverlight. (Footnote original).

4

the average person such that expert testimony was needed to explain it. Defendant's behavior, as explained by her at trial, was comprehensible to the average person. An average person could understand why a person would choose not to provide information to the police that could send the person's fiancé to prison for life. Accordingly, defendant has not shown that she engaged in any unique and specific behavior that needed to be explained by expert testimony. The trial court did not abuse its discretion in excluding the expert testimony of Mediratta.

*People v. Martin*, 2012 WL 1758723, at * 6.

A state trial court's decision to exclude expert testimony is an exercise of judicial discretion. *See Buell v. Mitchell,* 274 F.3d 337, 357 (6th Cir. 2001). Habeas review does not ordinarily extend to state court rulings on the admissibility of evidence. *Id.* To the extent that Petitioner is claiming an error of state law, she would not be entitled to habeas relief on this claim. *Id.*

However, just as an accused has the right to confront the prosecution's witnesses for the purpose of challenging their testimony, she also has the right to present her own witnesses to establish a defense. *See Washington v. Texas*, 388 U.S. 14, 19 (1967); *see also Crane v. Kentucky,* 476 U.S. 683, 690 (1986) ("[W]hether rooted directly in the Due Process Clause of the Fourteenth Amendment, or in the Compulsory Process or Confrontation clauses of the Sixth Amendment, the Constitution guarantees criminal defendants 'a meaningful opportunity to present a complete defense.'") (internal citations omitted). Even so, an accused does not have an unfettered right to offer evidence that is incompetent, privileged, or otherwise inadmissible under the standard rules of evidence. *Montana v. Egelhoff*, 518 U.S. 37, 42 (1996). The Supreme Court has indicated its "traditional reluctance to impose constitutional constraints on ordinary evidentiary rulings by state trial courts." *Crane,* 476 U.S. at 689. Trial court judges are

owed "wide latitude" to exclude evidence that is repetitive, marginally relevant, or that poses a risk of harassment, prejudice, or confusion of the issues. *Id.* (quoting *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986)). Rules that exclude evidence from criminal trials do not violate the right to present a defense unless they are "'arbitrary' or 'disproportionate to the purposes they are designed to serve.'" *United States v. Scheffer*, 523 U.S. 303, 308 (1998) (quoting *Rock v. Arkansas*, 483 U.S. 44, 56 (1987)).

Under the standard of review for habeas cases set in § 2254(d)(1), it is not enough for a habeas petitioner to show that the state trial court's decision to exclude potentially helpful evidence to the defense was erroneous or incorrect. Instead, a habeas petitioner must show that the state trial court's decision to exclude the evidence was "an objectively unreasonable application of clearly established Supreme Court precedent." *See Rockwell v. Yukins,* 341 F.3d 507, 511-12 (6th Cir. 2003).

Petitioner argues that the proposed expert testimony would explain why she did not leave Terpstra, why she did not seek help, and why she did not report Silverlight's murder. (Dkt. # 1, Pg. ID 29-31.) At the hearing, counsel indicated that Petitioner did not commit the crime and that "it was Justin Terpstra who did this without her conspiracy, without her plan, without her assistance . . ." after hearing information which petitioner provided to him regarding physical and sexual abuse. (Dkt. # 7-9, Pg ID 1495.)

The trial court excluded the testimony, finding "Dr. Mediratta's testimony is slight to negligible compared with the impact in terms of generating sympathy for the defendant, and that would be a distraction and just confuse the issues that the jury has to deal with in this case." (*Id.* at Pg ID 1498.) While Petitioner argues that the expert testimony would explain why she did not leave Terpstra, seek help, or report Silverlight's

6

murder, Petitioner testified at trial that she was scared, she wanted to protect herself and Terpstra, and she did not want Terpstra going back to prison. The Michigan Court of Appeals found that Petitioner did not articulate how her conduct was incomprehensible to the average person such that expert testimony was needed and that the trial court did not abuse its discretion in excluding the expert testimony. *Martin*, 2012 WL 1758723 at *6.

The Supreme Court has never held that a state court deprives a criminal defendant of her right to present a defense by excluding expert testimony. Petitioner is not entitled to relief. In *Moses v. Payne*, 555 F.3d 742, 758-59 (9th Cir. 2008), the Ninth Circuit held that a state court's exclusion of the petitioner's expert testimony regarding the victim's depression as cumulative and more prejudicial than probative was not contrary to clearly established federal law, since the Supreme Court had never held that a state trial court's exercise of discretion to exclude expert testimony violated a criminal defendant's constitutional right to present relevant evidence. The Sixth Circuit has reached a similar conclusion. *See Thomas v. Heidle*, 615 F.App'x 271, 282 (6th Cir. 2015), *cert. denied sub nom. Thomas v. Lee*, 136 S. Ct. 825 (2016) (holding exclusion of expert testimony on eyewitness identification was not a violation of clearly established federal law; case law demonstrated that fair-minded jurists still disagreed on the exclusion of expert testimony on eyewitness identification, even when it was effectively excluded on a blanket basis, and the Supreme Court had not directly spoken on the law applicable to the circumstances of the case).

Moreover, Petitioner's testimony effectively explained Petitioner's reasons for not reporting the murder. Petitioner testified that she was frightened, she wanted to protect

7

herself and Terpstra, and did not want Terpstra to go back to prison. As the trial court

stated, testimony by an expert witness would not clarify an issue and "would be a

distraction and just confuse the issues that the jury has to deal with in this case." (Doc

#7-9, Pg ID 1498.) The trial court's exclusion of Dr. Mediratta's expert testimony was not

so egregious that it denied Petitioner a fair trial. *See Fleming v. Metrish*, 556 F.3d 520,

535-36 (6th Cir. 2009). Given the quantum of evidence supporting the defense's theory

in the record, the court concludes that Petitioner was afforded "a meaningful opportunity

to present a complete defense." *Allen v. Howes,* 599 F. Supp. 2d 857, 873 (E.D. Mich.

2009) (citing *Crane*, 476 U.S. at 690 (citation and internal quotations omitted)).

Petitioner is not entitled to habeas relief on her first claim.

### B.  Hearsay testimony

Petitioner next argues that the trial court's admission of hearsay testimony

regarding statements previously made by the victim violated her rights under the Sixth

Amendment Confrontation Clause and *Crawford v. Washington*, 541 U.S. 36, 68-69

(2004). (Dkt. # 1, Pg. ID 38-42.) Because Petitioner's trial counsel did not

contemporaneously object to the admission of the hearsay statements, the Michigan

Court of Appeals reviewed Petitioner's *Crawford* claims for plain error. *Martin*, 2012 WL

1758723, at *1-2. That court held that, even assuming the trial court's admission

violated Petitioner's confrontation rights, that error did not affect Petitioner's substantial

rights. *Id.* Petitioner challenges this finding, arguing that the admission had a

"substantial and injurious effect" on the jury verdict because the prosecution lacked

physical evidence implicating Petitioner in the torture and murder of the victim. (Dkt. # 1,

Pg. ID 40.)

8

Petitioner's *Crawford* claim is barred by procedural default. A procedural default is "a critical failure to comply with state procedural law." *Trest v. Cain*, 522 U.S. 87, 89 (1997). "[A] federal court will not review the merits of claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state procedural rule." *Martinez v. Ryan*, 132 S. Ct. 1309, 1316 (2012). A claim is procedurally defaulted if: (1) the petitioner fails to comply with a state procedural rule; (2) the state courts enforce the rule; (3) the state procedural rule is an adequate and independent state ground for denying review of a federal constitutional claim; and (4) the petitioner cannot show cause and prejudice excusing the default. *Guilmette v. Howes*, 624 F.3d 286, 290 (6th Cir. 2010) (en banc). A state appellate court plain-error review constitutes enforcement of a contemporaneous objection rule. *Williams v. Bagley*, 380 F.3d 932, 968 (6th Cir. 2004) (citations omitted); *see also Wainwright v. Sykes*, 433 U.S. 72, 86-88 (1977)*; Paprocki v. Foltz*, 869 F.2d 281, 284-85 (6th Cir. 1989) (limited review of an issue to prevent manifest injustice does not constitute a waiver of the procedural default).

Federal courts "will not entertain a procedurally defaulted constitutional claim in a petition for habeas corpus absent a showing of cause and prejudice to excuse the default." *Dretke v. Haley*, 541 U.S. 386, 388 (2004). The requirement is conjunctive–petitioners must show both cause and prejudice. *See Matthews v. Ishee*, 486 F3d 883, 891 (6th Cir. 2007). However, in neither her petition or her reply does Petitioner address either the cause or the prejudice prongs of the *Matthews* requirement. As a result, she had provided this court no basis on which to excuse the procedural default. The court will deny Petitioner's *Crawford* claim as well.

9

## C.  A certificate of appealability.

Before Petitioner may appeal this decision, a certificate of appealability must

issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R.App. P. 22(b). A certificate of appealability

may issue "only if the applicant has made a substantial showing of the denial of a

constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies a habeas claim on the

merits, the substantial showing threshold is met if the petitioner demonstrates that

reasonable jurists would find the court's assessment of the claim debatable or wrong.

*See Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). "A petitioner satisfies this

standard by demonstrating that . . . jurists could conclude the issues presented are

adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S.

at 327. In applying this standard, a court may not conduct a full merits review, but must

limit its examination to a threshold inquiry into the underlying merits of the claim. *Id.* at

336–37.

Having considered the matter, the court concludes that Petitioner has not made a

substantial showing of the denial of a constitutional right as to her habeas claims.

Accordingly, the Court will deny Petitioner a certificate of appealability.

The standard for granting an application for leave to proceed *in forma pauperis* is

a lower standard than the standard for certificates of appealability. *See Foster v.

Ludwick*, 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002). Whereas a certificate of

appealability may only be granted if petitioner makes a substantial showing of the denial

of a constitutional right, a court may grant leave to proceed *in forma pauperis* if it finds

that an appeal is being taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P.

24(a); *Foster*, 208 F. Supp. 2d at 764–65. "Good faith" requires a showing that the

10

issues raised are not frivolous; it does not require a showing of probable success on the merits. *Id.* at 765. Although this is a decidedly lower standard, the court will nonetheless deny leave to proceed *in forma pauperis* on appeal because the appeal would be frivolous for the reasons stated above.

## IV. CONCLUSION

IT IS ORDERED that Petitioner Alison Martin's petition for a writ of habeas corpus (Dkt. # 1) is DENIED.

IT IS FURTHER ORDERED that leave to proceed in forma pauperis on appeal is DENIED.

This court DECLINES to issue a certificate of appealability.

 S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  February 13, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 13, 2017, by electronic and/or ordinary mail.

 S/Shawna C. Burns
Case Manager Generalist
(810) 984-2056